## Kampe v. Kampe

*H. Eugene Gardner*, for plaintiff.
*John E. Flynn*, for defendant.

KNIGHT, P. J., September 24, 1937.—This is an action on a promissory note given by a mother to her son in the year 1927. The action was commenced by foreign attachment, as the mother is a nonresident of Pennsylvania, but owns real estate in Glenside, Montgomery County. An affidavit of defense was filed, pleading the statute of limitations, to which the plaintiff filed a reply, in which it was averred that there was an agreement between the parties that the note, payable on demand, was not to become due until the plaintiff needed the money, and that the plaintiff did not need the money until within the six-year period. The defendant then moved for summary judgment, for want of a sufficient reply, and the matter came before us in argument court, in April of this year.

At the argument, counsel stated that he had letters written by defendant to plaintiff in 1936, acknowledging the debt, and promising to pay the same. Subsequently, on May 18th, the court handed down an opinion, uphold-

ing the contention of the defendant, that the answer of plaintiff was insufficient, but allowing the plaintiff to file an amended reply within 15 days. The plaintiff did file such a reply in which it was averred that plaintiff had in his possession certain letters written by the defendant to plaintiff in 1936, in which the defendant acknowledged the debt and promised to pay the same. A copy of the letters was not attached to the pleading.

The defendant then ruled the plaintiff for a more specific reply, to which the plaintiff answered that the letters were matters of evidence, and should not be attached to the pleadings.

The sole question before us at this time, is, whether the plaintiff was required to attach copies of the letters upon which he relies, to his amended reply?

This question becomes academic, in view of the statement of counsel for the plaintiff at the argument, that he would attach a copy of the letters, and copies are set forth in the brief that he has filed. Suffice it to say that we are of the opinion that the rule should be made absolute.

It is the duty of the court to determine if these letters are sufficient in law to bar the running of the statute, and the defendant should be given an opportunity before trial of testing their sufficiency. After the statute of limitations has run, as it has in this case, a promise to pay a debt otherwise barred is in the nature of a new contract. To prove this new contract, the plaintiff evidently relies upon the letters he claims to have in his possession. They are therefore within both the spirit and letter of the Practice Act of May 14, 1915, P. L. 483, and copies thereof should be attached to the pleadings.

And now, September 24, 1937, the rule for a more specific reply is made absolute, and the plaintiff is allowed 15 days from this date, within which to file such amended pleading.